```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF OREGON
```

RONALD WILLIAM FLETCHER,

        Plaintiff,        Civil No. 06-414-CO

           v.                FINDINGS AND
                              RECOMMENDATION
A. HANNOB, et al.,

        Defendants.

COONEY, Magistrate Judge.

    By Order (#6) entered May 25, 2006, plaintiff's complaint was dismissed and plaintiff was allowed 30 days to file an amended complaint curing the deficiencies set forth in the court's order. On June 12, 2006, plaintiff filed an amended complaint. However, as set forth below, plaintiff's amended pleading fails to cure the deficiencies that led to the dismissal of the original complaint.

    Plaintiff alleges that defendants violated his

1 - FINDINGS AND RECOMMENDATION

constitutional right to be free from "disproportionate punishment" and due process rights under the Fourteenth Amendment by involuntarily assigning him to Administrative Segregation.

As set forth in the court's previous order, the procedural guarantees of the Fourteenth Amendment' Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. See, Ingram v. Wright, 430 U.S. 651, 672 (1977); Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

The federal constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status "as long as the challenged conditions or degree of confinement ... is within the sentenced imposed ... and is not otherwise violative of the Constitution." Hewitt v. Helms, 459 U.S. 460 (1983). Thus, "as far as the federal constitution is concerned, the security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints." Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994); see also, Bell v. Wolfish, 441 U.S. 520, 547 (1979) [prison officials are to be accorded a wide range of deference in the adoption and execution of policies and practices that in their judgment are needed to

2 - FINDINGS AND RECOMMENDATION

preserve internal order and discipline and to maintain institutional security].

In short, plaintiff is not constitutionally entitled to any particular custody classification. In order to prevail on such a claim plaintiff must establish that he had a liberty interest in being free from being placed in administrative segregation. See, Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that a convicted inmate who had been placed in disciplinary segregation for 30 days had no cognizable procedural due process claim because he had no liberty interest in being free from such confinement); see also, May v. Baldwin, 109 F.3rd 557, 565 (9th Cir. 1997) (holding that convicted inmate was not "denied due process when he was placed in [a disciplinary Housing Unit] pending a disciplinary hearing. The Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. See, Resnick v. Hayes, 200 F3d 641 (9th Cir. 2000).

For the reasons set forth above and in the court's Order (#6) plaintiff's Amended Complaint (#8) should be dismiss for failure to state a claim, and this proceeding should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

3 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue ans will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

    DATED this _31__ day of July, 2006.


                                     _____s/_____
                                       John P. Cooney
                                     United States Magistrate Judge